■ In the Matter of HERBERT LONDON, Doing Business as H. M. W. MANAGEMENT CO., Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— Order annulling the determination of the State Rent Administrator and increasing the maximum rent reversed, on the law and on the facts, with $20 costs and disbursements to the respondent-appellant, the petition dismissed, and the determination reinstated. The aunt and niece had been living together as a family unit, the five-room apartment was secured through a relocation agency, and the aunt and niece physically moved in on the same day. The Administrator's finding that there was no subletting or increase in occupancy was neither arbitrary nor unreasonable. (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [9]; L. 1946, ch. 274, as amd. by L. 1959, ch. 695.) Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TEDDY JUSINO, Appellant.— Judgment of conviction unanimously reversed, on the law, the verdict vacated and a new trial ordered, in the exercise of discretion. On cross-examination of defendant the prosecutor improperly questioned him as to a prior arrest in 1953 and elicited from him an affirmative answer. To this, defendant's counsel made a motion for a mistrial, which was denied. The question and answer were ordered stricken, but this was not sufficient to remedy the prejudice to defendant. Moreover, the prosecutor persisted in asking questions about the event which involved, and was described as, a "so-called rumble" in a park. Thus, defendant was deprived of a fair trial. (See Richardson, Evidence [8th ed.], § 518, and cases cited.) Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.